**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| ***EX PARTE* APPLICATION OF ALBERTO BALDIVIESO VACAFLOR FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** | §<br>§<br>§<br>§<br>§ | **Case No.: 4:26-mc-00120** |

**SECOND ADVISORY AND RENEWED REQUEST FOR PROMPT RESOLUTION OF PENDING APPLICATION**

NOW COMES Applicant, Alberto Baldivieso Vacaflor ("Applicant" or "Mr. Baldivieso"), by and through undersigned counsel, and respectfully submits this Supplemental Advisory to bring to the Court's attention significant and recent developments concerning public corruption in Bolivia. These developments provide additional context relevant to Applicant's pending request for judicial assistance pursuant to 28 U.S.C. § 1782. Applicant further respectfully renews his request for prompt consideration of his pending Application, and states as follows:

## I. PROCEDURAL BACKGROUND

1. On January 20, 2026, Applicant commenced this proceeding by filing his Request for Issuance of Subpoena (ECF No. 1), together with a supporting Memorandum of Law (ECF No. 2), seeking discovery pursuant to 28 U.S.C. § 1782 from Petrobras America, Inc. ("Petrobras America") for use in contemplated foreign legal proceedings in Bolivia. As explained in Applicant's original submissions, the requested discovery concerns information relevant to contemplated legal proceedings involving allegations of corruption, abuse of authority, and related misconduct by certain Bolivian

public officials, including matters associated with the hydrocarbons sector and the operations of Petrobras Bolivia, S.A. *See* ECF No. 2 ¶¶ 6, 8–12, 15–16, 18; ECF No. 2-1 ¶¶ 5, 9–16, 18–19, 31–32, 34–35, 37–38.

2. On April 9, 2026, Applicant filed a Motion to Expedite Resolution (ECF No. 6), supported by a subsequent declaration filed on April 13, 2026 (ECF No. 7).

3. On June 10, 2026, Applicant filed an Advisory (ECF No. 8), submitting additional open source materials addressing Bolivia's institutional circumstances, developments in the hydrocarbons sector, and the importance of obtaining the requested evidence without undue delay.

4. On August 1, 2026, Applicant submitted a further Statement (ECF No. 10), respectfully noting the prolonged pendency of the Application and requesting appropriate consideration of expedited handling under General Order 2026-11.

5. As of October 22, 2026, approximately nine months have elapsed since the filing of the original Application. According to the docket information available to Applicant, no ruling has yet been entered resolving the Application or the Motion to Expedite.

6. Applicant recognizes and respects the Court's substantial responsibilities and workload, as delineated in General Order 2026-13 of the Southern District of Texas, entered on October 15, 2026. Additionally, Mr. Baldivieso is cognizant that the instant request is a matter of judicial discretion. *See, e.g.,* Goatley v. X Corp., 2026 U.S. Dist. LEXIS 182378, *2 (W.D. Tex. Aug. 14, 2026) (noting that "the Court has discretion" and granting the request for judicial assistance).

Nevertheless, the developments described below warrant this additional submission because they bear upon the circumstances surrounding the contemplated foreign proceedings and underscore the practical importance of timely access to the requested evidence.

## II. SIGNIFICANT RECENT DEVELOPMENTS IN BOLIVIA

7. Since Applicant's most recent Statement filed on August 1, 2026 (ECF No. 10), significant developments have occurred in Bolivia concerning the integrity of the country's prosecutorial and judicial institutions. These developments are particularly relevant to the circumstances surrounding Applicant's contemplated foreign proceedings and further underscore the importance of obtaining the evidence sought through his pending Application pursuant to 28 U.S.C. § 1782.

8. On September 28, 2026, the United States Department of State issued an official statement titled *"Visa Restrictions for Foreign Nationals Undermining Democratically Elected Governments in Western Hemisphere Countries,"* announcing a new visa restriction policy under Section 212(a)(3)(C) of the Immigration and Nationality Act directed at foreign nationals whose involvement in corruption or narcotrafficking undermines democratically elected governments in the Western Hemisphere. Significantly, the Department announced measures affecting numerous Bolivian senior officials, including current and former members of Bolivia's judiciary and prosecutorial authorities. Of particular importance, the Department publicly designated Bolivia's then-Attorney General, Roger Mariaca, for his alleged involvement in significant corruption, citing information that he had solicited and accepted bribes to

facilitate criminal activities. A copy of the Department of State's September 28, 2026 statement is attached hereto as Exhibit "A."

9. The U.S. announcement was followed almost immediately by events of considerable significance within Bolivia. On October 1, 2026, Attorney General Mariaca was arrested in connection with an investigation into an alleged criminal organization operating within Bolivia's judiciary and Public Prosecutor's Office. Bolivia's Interior Minister publicly described the law enforcement operation as targeting a criminal network embedded within the country's justice system, resulting in the detention of Mariaca and several other individuals. *See* the October 1, 2026 Reuters report attached hereto as Exhibit "B."

10. Most recently, on October 22, 2026, the United States Department of State issued a further statement entitled *"Additional Visa Restrictions on Bolivian Individuals to Defend Our Hemisphere Against Corruption and Narcotrafficking,"* announcing additional visa restrictions under the policy established on September 28, 2026. The Department specifically identified 15 Bolivian nationals, including current and former prosecutors, judicial officers, legislators, law enforcement officials, and other public officials, as subjects of the announced restrictions, together with their immediate family members. Notably, the Department expressly affirmed the United States Government's support for Bolivia's efforts to remove criminal influence from its courts, police forces, and legislature. A copy of the October 22, 2026 statement is attached hereto as Exhibit "C."

11. Taken together, these developments reflect a significant and rapidly evolving institutional environment in Bolivia, particularly with respect to the investigation of public corruption and the functioning of the institutions responsible for administering justice. The fact that the United States Government has undertaken successive official measures addressing corruption within Bolivia's public institutions, while Bolivian authorities have simultaneously initiated investigations affecting senior prosecutorial officials, lends additional significance to Applicant's efforts to obtain documentary evidence relevant to contemplated proceedings concerning alleged corruption, abuse of authority, and related misconduct by certain Bolivian public officials.

12. As previously explained in Applicant's Memorandum of Law (ECF No. 2), the discovery sought from Petrobras America is intended for use in reasonably contemplated foreign legal proceedings concerning alleged misconduct associated with Bolivia's prosecutorial authorities. Accordingly, the recent events provide important additional context concerning the pending Application and reinforce the practical importance of obtaining relevant evidence through 28 U.S.C. § 1782. Indeed, access to Petrobras America's information and documents may be particularly important where the contemplated proceedings concern alleged misconduct by public officials and where the ability to develop and present a properly supported case may depend upon obtaining information maintained outside Bolivia.

## III. CONCLUSION

In light of the foregoing developments, Applicant respectfully submits this Second Advisory to apprise the Court of the evolving institutional circumstances in Bolivia, which further underscore the importance of obtaining the requested discovery in a timely manner. Moreover, given that Applicant's request for judicial assistance has remained pending for more than nine months, Applicant respectfully renews his request that this Honorable Court consider and resolve the pending Application at its earliest practicable opportunity.

DATE: October 28, 2026

Respectfully submitted,

By: */s/ Gregory L. Ahlgren*
Gregory L. Ahlgren (Texas Bar No. 00793031)
Southern District of Texas #28318
Attorney Email: gahlgren@diazreus.com
Attorney-in-Charge

DIAZ REUS INTERNATIONAL LAW FIRM
100 Southeast Second Street
3400 Miami Tower
Miami, Florida 33131
Telephone: (305) 375-9220

Michael Diaz, Jr. (Fla. Bar No. 606774)
Attorney Email: mdiaz@diazreus.com
(*Pro hac vice* motion forthcoming)
Co-Counsel

Javier Coronado Diaz (Fla. Bar No. 1047848)
Attorney Email: jcoronado@diazreus.com
(*Pro hac vice* motion pending)
Co-Counsel

Isabela Hernandez Peredo Martinez (NY. Bar No. 6265409)
Attorney Email: ihernandezperedo@diazreus.com
(*Pro hac vice* motion pending)
Co-Counsel

*Counsel for Applicant, Alberto Baldivieso Vacaflor*